IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CAITLYN A. WILSON**                                                            **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO:** 1:22cv73-DMB-DAS

**CLAY COUNTY, MISSISSIPPI, the Same Entity as**
**SHERIFF EDDIE SCOTT, In His Official Capacity**
**as the Sheriff of Clay County, Mississippi,**                  **DEFENDANT**

                                                                                  **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for sexual harassment. The following facts support the action:

1.

Plaintiff CAITLYN A. WILSON is an adult resident citizen of 100 Jennings Loop, Starkville, Mississippi 39759.

2.

Defendant SHERIFF EDDIE SCOTT is an adult resident citizen of Mississippi. Defendant may be served with process at the Clay County Sheriff's Department, at 348 West Broad Street, West Point, Mississippi 39773, and the Chancery Clerk of Clay County, Mississippi, Amy G. Berry, at 205 Court Street, West Point, Mississippi 39773. The Sheriff of Clay County, Mississippi, is the same entity as Clay County, Mississippi.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. This action is authorized by 42 U.S.C. § 2000e, *et seq.*, and by 42 U.S.C. § 1983.

4.

The sexual harassment to be described in this Complaint has created a hostile and abusive work environment. The sexual harassment is sufficiently severe or pervasive so as to alter the condition of Plaintiff's employment, and to create an abusive working environment.

5.

Plaintiff has been employed by the Clay County Sheriff's Department since September 3, 2019, as an investigative assistant.

6.

Over many weeks, the Sheriff of Clay County, Mississippi, Defendant Eddie Scott, sent Plaintiff and a co-worker, Patty Stange, a series of text messages containing explicit sexual comments and explicit sexual pictures. Because of their pornographic nature, the text messages are not attached. The apparent purpose of these text messages was to involve Plaintiff in a sexual relationship with Defendant Scott. Plaintiff had this fear both because of the content of the text messages and because of multiple reports coming from persons in positions to know, such as Clay County Sheriff's Department employees, that Defendant Scott was involved in sexual relations with several Clay County employees, including Stange, and with jail inmates.

7.

Additionally, Defendant Scott began to make sexual advances towards Plaintiff. For

example, on or about September 2, 2021, Defendant Scott rubbed his crotch against Plaintiff's rear and put his hand on Plaintiff's lower hip in an attempt to draw her close to him.

8.

Plaintiff attempted to ignore Defendant Scott, making it clear that she had no sexual interest in him. Thereafter, for the first time, Defendant Scott made complaints about Plaintiff's job performance, indicating that he would fire her.

9.

Prior to Plaintiff's rejecting Defendant Scott's sexual advances, Defendant Scott appeared pleased with Plaintiff's work. Therefore, Plaintiff filed an EEOC charge.

10.

After Plaintiff filed her EEOC charge, and within the past two (2) weeks, Plaintiff received an audiotape in which Joshua Fulgham, now an inmate, is discussing his planting drugs under Amber Jones' seat at the direction of Deputy Sheriff Kyle Eaves. Jones has posted on Facebook that she had forced sex with Defendant Scott while she was an inmate in the county jail. The apparent purpose of Deputy Sheriff Eaves causing drugs to be planted upon Jones is to intimidate Jones or to cause her to be arrested so that she will lack credibility in claiming an involuntary sexual relationship with Defendant Scott. Plaintiff's receipt of the audiotape, indicating that the Clay County Sheriff's Department is involved in a criminal scheme to frighten or deter Jones, or to falsely implicate her in criminal activity, makes Plaintiff fearful that the Clay County Sheriff's Department will take retaliatory action against Plaintiff when it gets a chance to do so.

11.

Within the past thirty (30) days, Defendant Scott has been personally visited at the Sheriff's

Department by Courtney Fitzgerald. Fitzgerald was the live-in girlfriend of Tony Lippincott, who is now in prison serving substantial prison time at the Mississippi State Penitentiary for the alleged offense of exposing his deceased child to methamphetamine. Fitzgerald, the mother of the deceased child, who was also initially charged, was given leniency. Several persons have stated that Fitzgerald was not subjected to any substantial punishment because Fitzgerald was having a sexual relationship with Defendant Scott. Furthermore, Plaintiff has heard persons state that Fitzgerald, not Lippincott, is the person who exposed the couple's child to methamphetamine. The allegation that Fitzgerald had a sexual relationship with Defendant Scott appears credible, since Fitzgerald recently visited Defendant Scott at the jail for no business reason.

12.

The above-mentioned incidents cause Plaintiff to fear continuing to work at the Sheriff's Department. Although Plaintiff's psychiatrist, Dr. Clyde Sheehan, has recommended Plaintiff be allowed to have intermittent leave, such leave is not being allowed. Plaintiff is being required to work at the Sheriff's Department on a regular schedule. Plaintiff works in fear that her refusing to have sex with Defendant Scott will cause her to be retaliated against. Plaintiff has mental anxiety because of the sexual harassment and because of fear of retaliation.

13.

Clay County, Mississippi is liable to Plaintiff for the acts of Defendant Scott, who is the official policymaker of Clay County, Mississippi, and his policy decisions represent the actions of Clay County, Mississippi.

14.

Defendant is liable to Plaintiff for:

A. Sexual harassment, in violation of Title VII of the Civil Rights Act of 1964;

B. Sex discrimination, in violation of the Equal Protection Clause of the Fourteenth Amendment, since Defendant Scott's harassing sexual suggestions are directed to women, not to men; and

C. Sexual discrimination, in violation of Title VII of the Civil Rights Act of 1964, since Defendant Scott's sexual activities and unwelcome comments are directed to women, not to men.

15.

Plaintiff has suffered mental anxiety and stress as a result of Defendant's actions.

16.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

## REQUEST FOR RELIEF

Plaintiff requests actual damages in an amount to be determined by a jury, since Defendant Eddie Scott was the official policymaker of Clay County, Mississippi, and there was no one to whom Plaintiff could have gone about her sexual complaints other than Defendant Scott. Plaintiff also requests reasonable attorneys' fees and costs.

5

RESPECTFULLY SUBMITTED, this the 19th day of May, 2022.

           CAITLYN A. WILSON, Plaintiff

   By: */s/ Jim Waide*
      Jim Waide, MS Bar No. 6857
      waide@waidelaw.com
      WAIDE & ASSOCIATES, P.A.
      332 North Spring Street
      Tupelo, MS 38804-3955
      Post Office Box 1357
      Tupelo, MS 38802-1357
      (662) 842-7324 / Telephone
      (662) 842-8056 / Facsimile

      ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF _Lee_

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named CAITLYN A. WILSON, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
CAITLYN A. WILSON

GIVEN under my hand and official seal of office on this the 17th day of May, 2022.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: April 4, 2023

(SEAL: STATE OF MISSISSIPPI NOTARY PUBLIC, ID # 84834, KIMBERLEY M. SANDERS, Commission Expires April 4, 2023, LEE COUNTY)