IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CAITLYN A. WILSON**                                                                                                **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.: 1:22CV73-DMB-DAS**

**CLAY COUNTY, MISSISSIPPI, the Same Entity as
SHERIFF EDDIE SCOTT, in His Official Capacity
as the Sheriff of Clay County, Mississippi**                          **DEFENDANTS**

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

COME NOW Defendants Clay County, Mississippi and Sheriff Eddie Scott, (hereafter "Defendants"), by and through counsel, and in response to the Plaintiff's First Amended Complaint filed against them herein state as follows:

### First Defense

The Plaintiff's First Amended Complaint (hereafter "Complaint") fails to state a claim upon which relief can be granted and should therefore be dismissed.

### Second Defense

Defendants affirmatively invoke all defenses available to them as set forth in FED. R. CIV. PRO. 12(b)(1-7) for which a good faith legal and/or factual basis exists or may be shown to exist in their favor.

### Third Defense

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk, failure to exhaust available administrative remedies, and the doctrine of unclean hands.

### Fourth Defense

Plaintiff failed to mitigate her damages such that said act should serve to bar, or limit, any

damages claimed herein.

### Fifth Defense

All decisions made concerning the Plaintiff's employment were made based upon the merits of the situation and/or upon Plaintiff's performance and/or conduct.

### Sixth Defense

At no time did the Defendants discriminate against the Plaintiff upon the basis of her sex or for any reason surrounding her submission of a charge to the Equal Employment Opportunity Commission ("EEOC").

### Seventh Defense

Plaintiff cannot make out a prima-facie case of discrimination based upon sex or retaliation.

### Eighth Defense

Any decision concerning the Plaintiff's employment would have been made regardless of the Plaintiff's sex and regardless of any claim made by her to the EEOC.

### Ninth Defense

Any injuries/damages of Plaintiff were the direct proximate result of her own conduct for which she is responsible to the exclusion of the Defendants; therefore, Plaintiff's Complaint should be dismissed.

### Tenth Defense

Plaintiff's failure to allege a violation of any duty by the Defendants bars this cause of action.

### Eleventh Defense

Plaintiff's claims are barred under the doctrine of governmental immunity, sovereign immunity, and/or qualified immunity.

### Twelfth Defense

Plaintiff's claims are barred under the doctrine of independent, intervening cause, and/or efficient superseding cause.

### Thirteenth Defense

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Fourteenth Defense

Defendants deny each and every allegation not specifically admitted herein.

### Fifteenth Defense

Defendants deny each and every allegation in the Complaint by which Plaintiff seeks to impose liability upon them.

### Sixteenth Defense

Defendants reserve the right to plead further herein, and specifically reserve the right to amend this Answer to assert any additional defenses which may be disclosed during the course of discovery.

### Seventeenth Defense

The Defendants deny the allegations contained in the first unnumbered paragraph of Plaintiff's Complaint. Further, responding to the Complaint numbered paragraph by numbered paragraph, Defendants state as follows:

1. Upon information and belief, Defendants admit the allegations contained in numbered ¶1. of the Plaintiff's Complaint.

2. Defendants admit that Sheriff Eddie Scott is an adult resident citizen of Mississippi who

may be served with process at the Clay County Sheriff's Department. Except as specifically admitted, the remaining allegations contained in numbered ¶2. of the Plaintiff's Complaint are denied.

3. While specifically denying any liability, Defendants admit that this Court has jurisdiction over the claims presented herein. Except as specifically admitted, the remaining allegations contained in numbered ¶3. of the Plaintiff's Complaint are denied.

4. Defendants deny the allegations contained in numbered ¶4. of the Plaintiff's Complaint.

5. Defendants admit that Plaintiff was hired in September, 2019. Except as specifically admitted, the remaining allegations contained in numbered ¶5. of the Plaintiff's Complaint are denied.

6. Defendants admit that text messages were exchanged between Defendant Scott, Patty Stange, and the Plaintiff. Except as specifically admitted, the remaining allegations contained in numbered ¶6. of the Plaintiff's Complaint are denied.

7. Defendants deny the allegations contained in numbered ¶7. of the Plaintiff's Complaint.

8. Upon information and belief, Defendants admit that a conversation took place between Plaintiff and Chief Deputy Ramirez on or about September 9 or 10, 2021. Except as specifically admitted, the remaining allegations contained in numbered ¶8. of the Plaintiff's Complaint are denied.

9. Defendants admit that Plaintiff filed an EEOC charge. Except as specifically admitted, the remaining allegations contained in numbered ¶9. of the Plaintiff's Complaint are denied.

10. Defendants are without sufficient information to admit or deny any allegation relating to Plaintiff submitting a request for intermittent leave and therefore deny the allegations contained

in numbered ¶10. of the Plaintiff's Complaint.

11. Defendants deny the allegations contained in numbered ¶11. of the Plaintiff's Complaint.

12. Defendants admit that Courtney Fitzgerald has visited the Clay County Sheriff's Department on prior occasions for official business. Except as specifically admitted, the remaining allegations contained in numbered ¶12. of the Plaintiff's Complaint are denied.

13. Defendants admit that Plaintiff resigned from her employment with the Clay County Sheriff's Department. Except as specifically admitted, the remaining allegations contained in numbered ¶13. of the Plaintiff's Complaint are denied.

14. Defendants deny the allegations contained in numbered ¶14. of the Plaintiff's Complaint.

15. Defendants deny the allegations contained in numbered ¶15. of the Plaintiff's Complaint, including subparts A-D.

16. Defendants deny the allegations contained in numbered ¶16. of the Plaintiff's Complaint.

17. Defendants admit that Plaintiff filed an EEOC charge and received a notice of right to sue. Defendants assert that said documents speak for themselves.

Responding to the Plaintiff's unnumbered request for relief which immediately follows numbered ¶17. of the Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to an award of actual damages, reinstatement or front pay, and further deny that Plaintiff is entitled to an award of costs, attorneys' fees, expenses, or any other relief or damages whatsoever.

AND NOW, having fully responded to Plaintiff's Complaint, and having alleged affirmative matters in response thereto, Defendants Clay County, Mississippi, and Sheriff Eddie Scott again deny that they are liable unto Plaintiff for damages in any amount and respectfully request that this action be dismissed with all costs assessed to the Plaintiff. Defendants reserve the right to plead

further herein, and specifically reserve the right to amend their Answer to assert any additional defenses which may be disclosed during the course of discovery.

**DEFENDANTS RESPECTFULLY REQUEST A TRIAL BY JURY**.

Respectfully Submitted,

/s/ *J. Cody Hallmark*
J. Cody Hallmark (Bar No. 105941)
jcodyhallmark@huntross.com
R. Jeff Allen (Bar No. 10593)
rjallen@huntross.com
HUNT ROSS & ALLEN
P.O. Box 1196
Clarksdale, MS 38614
662-627-5251 (telephone)
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, J. Cody Hallmark, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Jim Waide
> WAIDE & ASSOCIATES, P.A.
> P.O. Box 1357
> Tupelo, MS 38802-1357
> waide@waidelaw.com
> ***Attorney for Plaintiff***

This, the 12th day of October, 2022.

/s/ *J. Cody Hallmark*
J. Cody Hallmark